CROLE, Respondent, vs. THOMAS, Appellant.

1. Judgment reversed because the instructions given to the jury were unintelligible.

*Appeal from St. Louis Law Commissioner's Court.*

This was an action brought by the respondent to recover the value of services alleged to have been rendered appellant as engineer and master of the Carondelet steam ferry boat, and in taking care of ferry flats from June 1, 1851, to July 15.   The respondent claimed ninety dollars, being at the rate of sixty dollars per month, gave the appellant credit for ten dollars and eighty cents, and asked judgment for the balance, seventy-nine dollars and twenty cents.

The appellant, in his answer, denied that the respondent was employed, during the time stated, in the capacity of engineer and master, but alleged that he was employed at thirty dollars per month, and that he was indebted to the appellant in the sum of eleven dollars and nine cents, according to an account accompanying the answer.   In this account, the respondent was credited with services as *watchman* from June 6th to July 12th, at the rate of thirty dollars per month.

It appeared in evidence on the trial, that Crole had been master and engineer of the steam ferry boat, Carondelet, and that the boat stopped running on or about June 1, 1851, and was laid up and so continued until July 12th following, during which time Crole remained to take care of the boat.   All the other hands were discharged.

In the account accompanying the answer of the appellant,

the respondent was charged, among other things, with eighty dollars, money received by him for *towing* with a boat belonging to the appellant, of which he was master. By way of reduction of this amount, the respondent offered evidence to show that he had paid *expenses* attending the towing. This evidence was objected to, for the reason that no claim was set up for expenses in the respondent's replication.

At the instance of the respondent, the court gave the following instructions :

1. That in making up the amount due for towage, the jury are to deduct from sum received by plaintiff such sum as they find from the evidence plaintiff paid for expenses, unless they should believe from the evidence that plaintiff received the sum paid to him, exclusive of the sum received by him.

2. The jury are instructed that it is admitted by the pleadings that the hiring was monthly, though there is a difference between plaintiff and defendant as to the amount of the monthly hire. The jury, therefore, will find what they believe from the evidence to be a just compensation. The jury are further instructed that the hire was by the month ; defendant, therefore, is liable at such rate per month as the jury believe to be just, whether the boat laid up or not, unless the jury believe from the evidence that the plaintiff consented to take a less amount whenever the boat laid up. The burthen of such proof devolves, however, upon the defendant, and if not proved, must be presumed by the jury.

The defendant moved the court to instruct the jury as follows :

1. The jury are instructed that, before plaintiff is entitled to be allowed for supposed expenses incurred in making the *tow* with the Herald, he must show that such expenses were actually paid by him, and that the fact of payment by Crole cannot be inferred, because the making of the tow may have been attended with some expense. If any expenses were paid by plaintiff, the amount must be proved by the evidence and cannot be presumed.

2. The jury are instructed that plaintiff is not entitled to recover for services as engineer from the 1st of June, 1851, to 15th July, unless the the jury believe from the evidence, that the services rendered were those of an engineer and not of a watchman, unless they believe there was a special contract to pay as engineer.

3. The jury are instructed to disregard all testimony introduced by plaintiff as to expenses claimed to have been incurred while making the tow with the steamboat Herald.

4. Unless the jury believe from the evidence, that there was a special contract to serve for a particular time at a sum certain per month, then plaintiff can only recover so much as his services were worth.

The court gave the first of these instructions and refused the others.

*N. & S. A. Holmes*, for appellant. The first instruction given for plaintiff is erroneous, because unintelligible. The second was erroneous in telling the jury that an express contract was admitted, when none was alleged, and that plaintiff was entitled to recover what he claimed, unless defendant showed an agreement by plaintiff to take less than that amount. The refusal of defendant's second, third and fourth instructions was error. As to the third, the plaintiff's replication to defendant's claim of a balance on account did not allege any expenses paid by him in making the tow.

*A P. & P. B. Garesché*, for respondent. 1. The hiring by the month is admitted by the answer of defendant; the plaintiff proved that the original rate of the hiring was sixty dollars per month, and that there was no interruption in the services; it devolves, therefore, upon the defendant to prove a change of contract. 2. Evidence of the expenses incurred by the plaintiff in making the tow was properly admissible to reduce the charge to its net value, the replication to the off-set having been a general denial that the amount was due.

RYLAND, Judge, delivered the opinion of the court.

1. In this case, the instructions which were given by the court to the jury, are so unintelligible that, in our opinion, the judgment below must be reversed. We have often said that instructions were designed *ex vi termini* to assist the jury under the law, to find properly the facts and issues in controversy. Therefore a few, plain, direct instructions, embracing the law of the case, will always aid a jury to come to correct conclusions. The court had better give no instructions than such as mystify, confuse and involve the case in intricacy, thereby often misleading the jury instead of giving light to them. Improper instructions given to juries are the fruitful source of litigation in this court.

This judgment is reversed and the cause remanded; the other judges concurring.